# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEBRA KAY SJOLANDER,

    Plaintiff,

v.                                                  Case No: 8:22-cv-682-CEH-PDB

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Patricia D. Barksdale (Doc. 19) and the Objections of Plaintiff Debra Kay Sjolander (Doc. 20). Magistrate Judge Barksdale has recommended that the Court **AFFIRM** the decision of the Commissioner of Social Security denying Plaintiff's claim for Supplementary Security Income. Plaintiff raises arguments as to findings of the Administrative Law Judge.

Having considered the Report and Recommendation and Objections, and being fully advised in the premises, the Court will **ADOPT** the Report and Recommendation of the Magistrate Judge and **AFFIRM** the decision of the Commissioner of Social Security denying Plaintiff's claim for Supplementary Security Income.

### I.  BACKGROUND

Plaintiff Debra Kay Sjolander applied for Supplemental Security Income ("SSI") on November 21, 2019, when she was 56 years old. Tr. 60. Plaintiff alleged

that she was disabled since March 2019, following a severe injury to her ankle.[1] *Id.* at 16. The disability onset date was later amended to November 2019. *See* Doc. 19 at 2. Plaintiff explained that her ability to perform substantial gainful activity was limited due to osteoarthritis in her lower back and right foot, which caused excruciating pain in her foot and limited her ability to stand and walk. Tr. at 21.[2] Her SSI application was denied on July 13, 2020, and again, upon reconsideration, on September 3, 2020. *Id.* The disability examiners determined that disability could not be established, even though Plaintiff's conditions limited her ability to perform her past work, because she was still capable of performing work that required less physical effort. *Id.* at 83, 102.

On Plaintiff's request, a hearing was held on March 18, 2021 before Administrative Law Judge ("ALJ") Kurt Ehrman, who heard testimony from Plaintiff and vocational expert Ghari Shirley. *Id.* at 33-59. After reviewing the facts of the case, the ALJ made a decision, unfavorable to Plaintiff, and concluded that Plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act. *Id.* at 16-27. He found that she has the residual functional capacity ("RFC") to perform medium work, and that jobs exist in significant numbers in the national economy that she can perform. *Id.* at 20, 25-26.

In making this decision, the ALJ considered medical records from various treating physicians between 2019 and 2021, including a consultative physical

---

[1] The disability onset date was later amended to November 2019. *See* Doc. 19 at 2.
[2] Plaintiff also reported that she experienced mental health disorders, Tr. at 21, but the ALJ found that the medical evidence did not support these diagnoses. *Id.* at 19, 24-25. Plaintiff does not appear to challenge this finding. *See* Docs. 17, 20.

examination by Dr. Adam Greenfield on June 30, 2020, as well as opinions from treating physician Dr. David Allen from March and June 2021 and non-examining medical consultants Bradley Stephan and Larry Meade from July and September 2020. *Id.* at 21-24. Dr. Allen opined that Plaintiff cannot lift or carry any amount of weight, can stand and walk for less than one hour per day and sit for approximately three hours, must wear a cast boot for ambulation, and would be off task for more than 25% of each workday. *Id.* at 24. However, the ALJ found that Dr. Allen's opinions were neither consistent with nor supported by the overall medical evidence. *Id.* Specifically, he noted that they conflicted with Dr. Greenfield's 2020 physical examination finding that she had a full range of motion and did not use assistive devices, and the fact that she had not required prescriptive pain medication or medical treatment since 2020, nor had she attended physical therapy or the surgical consultation Dr. Allen recommended. *Id.* The ALJ instead credited the medical consultants' opinions that Plaintiff was able to perform medium work. *Id.*

Plaintiff sought review of the ALJ's decision from the Appeals Council, who declined review. *Id.* at 2. She then filed this action seeking review of the final administrative decision. Doc. 1. In her Memorandum in Opposition to the Commissioner's Decision, Plaintiff requests a determination that the ALJ's decision is not supported by substantial evidence and a remand of the case for a *de novo* hearing. Doc. 17. She primarily challenges the ALJ's finding that Dr. Allen's opinions were unpersuasive. *Id.* at 10-13. Plaintiff argues that Dr. Allen's opinions were consistent with other evidence in the record, including findings that she had a limited range of

3

motion in April 2019, December 2019, and February 2020, as well as imaging from July 2020. *Id.* at 10-11.  The ALJ's avoidance of this evidence in favor of the findings of one inconsistent examiner, Dr. Greenfield, constituted erroneous "cherry-picking." *Id.*  Plaintiff further argues that the ALJ mischaracterized the record when he found that there had been a lull in treatment between March 2020 and March 2021. *Id.* at 11.  Rather, she obtained imaging in July 2020, she had a good reason to decline surgery, and Dr. Allen's opinions show that her impairments had not improved during the relevant time frame. *Id.* at 11-12.  Emphasizing that the 2021 opinions of Dr. Allen, who was Plaintiff's treating physician, were more recent than the non-examining agency consultants, she argues that the ALJ's decision to credit the latter was error. *Id.* at 12.  If the ALJ had properly credited Dr. Allen's opinions, Plaintiff would have been found disabled according to the vocational expert's testimony. *Id.* at 12-13.

      In response, the Commissioner argues that the ALJ's decision was supported by substantial evidence and the result of a proper legal analysis. Doc. 18.  The ALJ was not obligated to accept Dr. Allen's opinions, which were inconsistent with each other as well as with the evidence in the record. *Id.* at 5.  The extreme limitations Dr. Allen diagnosed were unsupported by Plaintiff's course of treatment, which included the refusal of physical therapy, rejection of surgery, discharge from pain management, and lack of pain medication at the time of hearing. *Id.*  The other medical opinions, including a physical examination, found that Plaintiff was significantly less limited. *Id.* at 5-7.  In contrast, the limitations Dr. Allen described were not supported by any objective findings. *Id.* at 7.  The ALJ could not elevate Dr. Allen's opinions above the

4

other evidence merely because they were recent and because they were by a treating physician. *Id.* at 5, 8-9. The Commissioner contends that the ALJ neither ignored contrary evidence nor cherry-picked from it. *Id.* at 7-8.

Magistrate Judge Barksdale issued a Report and Recommendation recommending that the ALJ's decision be affirmed. Doc. 19. She concluded that substantial evidence supports the ALJ's finding that Plaintiff has the RFC to perform medium work with additional limitations, despite Dr. Allen's opinions to the contrary. *Id.* at 10-13. Rejecting Plaintiff's characterization that the ALJ cherry-picked one examiner's opinion to contrast with Dr. Allen's, the Magistrate Judge found that the ALJ considered all the medical evidence in the record and reasonably concluded that, as a whole, it was not consistent with Dr. Allen's opinions. *Id.* at 11-12. The Magistrate Judge further found that Plaintiff failed to show reversible error in the ALJ's characterization of a lull in treatment or his reliance on older opinions. *Id.* at 12-13. The Magistrate Judge concluded that the decision must be affirmed because the ALJ applied the correct legal standards and made a decision that was supported by substantial evidence. *Id.* at 13.

Plaintiff has filed Objections. Doc. 20. She argues that the Magistrate Judge erred in defending the ALJ's broad rejection of the medical evidence in favor of a single contradictory opinion. *Id.* at 1-2. Moreover, she disputes the Magistrate Judge's statement that she lacked legal authority in arguing that the state agency consultants' opinions were stale in the face of subsequent evidence. *Id.* at 2-3. Plaintiff requests

5

that the Magistrate Judge's Report and Recommendation be overruled. *Id.* at 3. The Commissioner has not responded to Plaintiff's Objections.

## II. LEGAL STANDARD

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). If specific objections to findings of facts are timely filed, the district court will conduct a *de novo* review of those facts. 28 U.S.C. § 636(b); *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.1988). If no specific objections to findings of facts are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir.1993); *see also* 28 U.S.C. § 636(b)(1). In that event, the district court is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Legal conclusions must be reviewed *de novo. Id*. Further, objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to

effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

## III.  DISCUSSION

A district court reviews a decision by the Commissioner of Social Security "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm. Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59 (citations and quotations omitted).

Plaintiff's primary argument on appeal is that the ALJ erred in "cherry-picking" a single piece of evidence, Dr. Greenfield's opinion, and disregarding the remainder of the record. Doc. 20 at 2.  Upon review, the Court does not agree with this characterization.  Instead, it concurs with the Magistrate Judge that the ALJ chose not to credit Dr. Allen's opinions because they were inconsistent with the remainder of the record. *See* Doc. 19 at 11-12.  The ALJ reasonably found that the evidence did not support Dr. Allen's findings of such "extreme" limitations as the inability to lift or carry any amount or weight or stand or walk for more than one hour per day. Tr. 24. The ALJ highlighted the fact that Plaintiff had not taken prescription pain medication since early 2020, she had declined her providers' referrals for physical therapy and a surgery consultation, and she had not received any medical treatment for a year before

7

Dr. Allen's March 2021 opinion [3]—all of which, taken together, "suggests her symptoms were not as severe and disabling as she alleges." *Id.* In light of this evidence, the ALJ determined that Dr. Greenfield's examining opinion and Dr. Stephan's and Dr. Meade's non-examining opinions that she was not limited to such an extreme level were more consistent with and supported by the entire record than Dr. Allen's. *Id.* The ALJ further noted that Dr. Allen's opinions were not consistent with each other or with Dr. Allen's own records. *Id.* The ALJ formulated a residual functional capacity with limitations that took into account only the impairments he found were supported by the record. *Id.*

Plaintiff contends that Dr. Allen's opinions accorded with other providers' findings from 2019 and early 2020. Doc. 17 at 10-11. But the ALJ discussed these findings, Tr. 21-23, and concluded that she had largely recovered from her 2019 injury by June 2020, when she was evaluated by Dr. Greenfield—by which time she had stopped receiving any treatment. Tr. 24. In all, the Court disagrees with Plaintiff that the ALJ disregarded or "broadly rejected" the remainder of the medical evidence in favor of Dr. Greenfield's opinion. Doc. 20 at 2. The Court instead finds that the ALJ

---

[3] Plaintiff also takes issue with the ALJ's characterization that there was a "lull in treatment between March 2020 and March 2021," but she fails to identify any treatment she received for her foot and ankle injury between March 2020 and March 2021. Doc. 17 at 11. Spinal imaging that occurred in connection with Dr. Greenfield's consultative examination in the summer of 2020—which the ALJ expressly cited, Tr. 23—does not fill the gap. *Cf.* Doc. 17 at 11. Further, the Court agrees with the Magistrate Judge that Plaintiff's non-medical reservations about surgery do not demonstrate reversible error in the ALJ's reasoning. Doc. 19 at 12.

took into account the entire record, and that his decision was supported by substantial evidence.

Moreover, the authority Plaintiff cites does not support the proposition that the ALJ erred in declining to credit Dr. Allen's opinion simply because it was the most recent evidence. *See* Doc. 20 at 3. In *Russell v. Astrue*, 742 F.Supp.2d 1355, 1378-79 (N.D. Ga. 2010), the court found that the ALJ's decision was not supported by substantial evidence where it relied only on the opinions of non-examining doctors, failed to explain why three years of subsequent evidence was irrelevant, and failed to resolve the inconsistency of the subsequent evidence with those opinions. Similarly, the ALJ erred in *Dillard v. Astrue*, 834 F.Supp.2d 1325, 1332-33 (S.D. Ala. 2011), when he failed to order a new examining assessment where the only assessment in the record was non-examining and was entitled to little weight because new evidence had diminished its value. Here, in contrast, the ALJ explained exactly why he chose not to credit Dr. Allen's opinions: because they were neither supported by nor consistent with the rest of the record, including Plaintiff's lack of medical treatment in the year before they were rendered and a previous examining assessment.

In addition, *Russell* and *Dillard* were decided before the Commissioner's revisions to the rules regarding the evaluation of medical evidence that affected claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 F.R. 5844-01, 2017 WL 168819 (2017). Under the prior rules, the Commissioner gave more weight to medical opinions from a treating or examining source. 20 C.F.R. § 416.927(c). The new rules now prohibit an ALJ from giving

greater evidentiary weight to an opinion merely because of its source. *Id.* § 404.1520c(a); *see Harner v. Soc. Sec. Admin., Commissioner*, 38 F.4th 892 (11th Cir. 2022) (the revised regulations validly abrogate prior rules). Instead, an ALJ must consider whether any medical opinion is supported by and consistent with the objective medical evidence and other findings in the record. 20 C.F.R. § 404.1520c(a)(2), (c)(1)-(2). Supportability and consistency are the "most important factors" in determining how persuasive a medical opinion is. *Id.* Secondary to those factors, the ALJ will also consider, but need not articulate, several others: the nature of the relationship between the opinion's source and the claimant, including whether there is an examining or treating relationship; whether the source is a specialist in a relevant area; and the source's familiarity with the claimant's other records. *Id.* § 404.1520c(c)(3)-(5). With respect to the last factor, the ALJ "will also consider whether new evidence we receive after the medical source made his or her medical opinion…makes the medical opinion…more or less persuasive." *Id.* § 404.1520c(c)(5). Thus, although the ALJ must decide—as one of many factors—whether a medical opinion is impacted by newer evidence, the regulations do not mandate giving extra weight to an opinion because it is the most recent.

      Plaintiff also argues that, in light of Dr. Allen's opinions, the ALJ should have ordered an updated consultative examination instead of relying on the one that had become "stale." Doc. 17 at 12. But the regulations did not require him to do so. Under 20 C.F.R. § 416.920b(b), an ALJ who is confronted with inconsistent evidence must consider whether he can determine if the claimant is disabled based on the evidence

before him; if not, the ALJ "may" take additional actions, including an updated consultative examination. Here, the ALJ was able to determine that Plaintiff was not disabled based on the evidence before him, despite Dr. Allen's opinions that were inconsistent with the remainder of the record. This Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment" for that of the ALJ. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Court concludes that the ALJ's decision accords with the framework set out in the revised rules. Because it is supported by substantial evidence and based on proper legal standards, it must be affirmed.

    Accordingly, it is hereby **ORDERED**:

1. The Objections of Plaintiff Debra Kay Sjolander (Doc. 20) to the Report and Recommendation of the Magistrate Judge are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 19) is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3. The decision of the Commissioner of Social Security denying Plaintiff's claim for Supplementary Security Income is **AFFIRMED.**

4. The Clerk is directed to enter judgment in favor of the Acting Commissioner of Social Security and against Plaintiff Debra Kay Sjolander.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 13, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties